**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10344 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03559-DCB-JCG-1 |
| v. | |
| JAMES DAVID ESSNER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted May 17, 2012
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

James David Essner was convicted, after a bench trial, for threatening a

federal officer, and was sentenced to 57 months imprisonment. He appeals his

conviction and sentence. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Essner contends, first, that the district court improperly considered extrinsic evidence at trial. The district judge listened to two voicemails, both properly introduced into evidence, that Essner had left for pretrial services officer Michael Himelic. He did so in order to compare what Essner sounded like when he apologized, and was therefore likely lucid, with what he sounded like when he made the threatening statement for which he had been criminally charged. The district judge was permitted to make such a comparison, which did not require the consideration of any extrinsic evidence.

The district court also did not abuse its discretion in admitting the expert testimony of pharmacist Robert Wolff. Wolff had the requisite "knowledge, skill, experience, training, [and] education" to testify as to the pharmacological effects of morphine. Fed. R. Evid. 702; *see United States v. Smith*, 520 F.3d 1097, 1105 (9th Cir. 2008). In any event, the district court's statements in rendering its verdict make clear that it is "more probable than not that" Wolff's testimony "did not materially affect the verdict." *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002) (internal quotation marks omitted).

Essner likewise cannot prevail on his challenge to the sufficiency of the evidence to sustain his conviction. If the evidence is viewed "in the light most favorable to the prosecution," a "rational trier of fact could have found" that Essner

2

had the specific intent to threaten when he left the voicemail. *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Most significant, Essner's physician testified that he had spoken with Essner twenty minutes before Essner left the voicemail, and that he was lucid and rational despite the dose of morphine he had been administered more than three hours earlier. Furthermore, given what Essner said in the voicemail, and the reaction of those who heard it, there was sufficient evidence for the trier of fact to conclude that "a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicate[d] the statement as a serious expression of intent to harm or assault." *United States v. Stewart*, 420 F.3d 1007, 1016–17 (9th Cir. 2005) (internal quotation marks omitted).

For similar reasons, the statement Essner made in the voicemail was not protected by the First Amendment, but was instead a criminally proscribable "true threat." Essner's statement manifested a subjective intent to threaten Himelic, and his physician's testimony established that he was lucid at the time he did so. *See Virginia v. Black*, 538 U.S. 343, 359 (2003).

Finally, Essner's 57-month sentence is not substantively unreasonable. There was no impermissible double-counting in the calculation of Essner's

3

Guideline range, as the three enhancements that Essner claims were duplicative each "serve[d] a unique purpose under the Guidelines." *United States v. Syrax*, 235 F.3d 422, 428 (9th Cir. 2000) (internal quotation marks omitted).  The district court also did not abuse its discretion in declining to give greater weight to Essner's significant heart-related health problems.

**AFFIRMED.**